## J. B. LEPRETRE et al. *v.* GENERAL COUNCIL and the THREE MUNICIPALITIES.

In 1849, a crevasse occurred on defendants' land. Plaintiffs, who lived above and below the land, contracted with James Flemming to have the crevasse stopped, and brought this action to recover the price from the defendants, on whose land the crevasse was. *Held:* That the defendants cannot be held liable for the amount claimed, unless there was an express or implied assent on their part to pay. The crevasse was the result of overpowering force—the act of God, which does nobody harm.

APPEAL from the Fifth District of New Orleans, *Buchanan, J. Lavergne,* for plaintiffs and appellants. *Bayne,* for *T. R. Wolfe,* for defendants.

ROST, J. In 1849, a crevasse occurred on a tract of land belonging to the defendants, situated on the right bank of the Mississippi River, in the Parish of Orleans.

The plaintiffs, who own plantations above and below that point, entered into a contract with one *James Flemming,* by which they agreed to pay him $4500 if he succeeded in stopping it. The Police Jury of the parish agreed to pay *Flemming* the additional sum of $1000 on the same condition.

The plaintiffs now seek to recover from the defendants the amount paid by them under this contract, on the ground that it inured to their benefit, and that, as owners of the land, they are absolutely liable for all the expenses necessarily incurred in closing the breach in the levee. There was judgment for the defendants, and the plaintiffs have appealed.

There is no allegation in the petition that the crevasse occurred through the fault or neglect of the defendants, and the evidence clearly shows that they cannot justly be charged with either. Under that state of facts, the defendants cannot be held liable for the amount claimed, unless there was an express or implied assent on their part to pay. The crevasse was the result of overpowering force ; the act of God, which does nobody harm.

The assent of the defendants to pay cannot be implied from the advice given by the Mayor to the plaintiffs, to do for the best, especially when their counsel admits that no instructions were ever given by any city authority in relation to it.

The Act of 1829 relative to roads and levees, relied upon by the plaintiffs' counsel, ceased to be in force in all the parishes bordering on the Mississippi River in 1833. The repealing Act was not brought to our notice in the case of *Deben* v. *Girod,* and was overlooked by us. 4 Annual p. 30, Sess. Acts 1833, p. 91.

The judgment is affirmed with costs.